IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM GREG SMITH                                                              PETITIONER

v.                                          Civil No. 6:07-cv-6012

LARRY NORRIS, Director,
Arkansas Department of Correction                                               RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, WILLIAM GREG SMITH, an inmate confined in the Arkansas Department of Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The matter has been referred for findings of fact, conclusions of law and recommendations for the disposition of the case. Pending before the Court is the Petitioner's Motion for Default Judgment. (Docket # 10).

**Discussion**:

The Petition for Writ of *Habeas Corpus* was filed in this case on March 1, 2007. (Docket # 1). On that day the Court ordered the United States Marshal to serve the Respondent with a copy of the Petition and further ordered the Respondent to file his answer to the Petitioner within twenty (20) days of the date of service. Respondent was served with a copy of the Petition and the Order to Answer on March 9, 2007. (Docket # 8). Respondent filed his Response to Petition for Writ of *Habeas Corpus* on March 26, 2007. (Docket # 7).

On March 26, 2007, Petitioner filed his Motion for Default Judgment, alleging the Respondent should have answered within twenty (20) days of the entry of the Order to Answer. Petitioner is incorrect. The Order to answer directed an answer within twenty (20) days of the date of service of the order. Respondent was served on March 9, 2007, and answered some seventeen (17) days later.

Therefore, Respondent is not in default and entry of a default judgment is not warranted.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the Petitioner's Motion for Default Judgment, (Docket # 10) be **DENIED**.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **28th** day of March, 2007.

       /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       U.S. MAGISTRATE JUDGE